Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2614 | **DATE** | 5/25/2001 |
| **CASE TITLE** | Leggett & Platt, Inc. vs. Hickory Springs Manufacturing Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants application for costs [85-1] is granted in part and denied in part. Pursuant to Fed.R.Civ.P. 54(d) Defendant Hickory Springs Manufacturing Co. is hereby awarded costs in the total amount of $22,039.50.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 29 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 94 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | FILED FOR DOCKETING 01 MAY 25 PM 2:07 | MAY 29 2001 date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEGGETT & PLATT, INCORPORATED, | ) |
| | ) No. 99 C 2614 |
| Plaintiff, | ) |
| | ) Judge Ruben Castillo |
| v. | ) |
| | ) |
| HICKORY SPRINGS MANUFACTURING COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On February 15, 2001, this Court granted summary judgment in favor of Hickory Springs Manufacturing Company ("Hickory") and against Leggett & Platt, Incorporated ("L&P") on all counts and dismissed the case with prejudice. The case is now before the Court on Hickory's application for costs. Hickory seeks $124,321.56 in costs pursuant to Fed. R. Civ. P. 54(d). For the reasons set forth below, we award costs to Hickory, but reduce its requested costs by $102,282.06. Hickory is therefore awarded costs in the amount of $22,039.50.

## ANALYSIS

### I. Federal Rule of Civil Procedure 54(d)

Rule 54(d)(1) provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920 specifies the costs that may be recovered pursuant to Rule 54(d): (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for "exemplification and copies of papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. *Id.*

Rule 54(d) creates a presumption favoring the award of costs, which is difficult to overcome. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).

## II. Transcripts

Hickory requests $18,841.05 for the cost of hearing and deposition transcripts, pursuant to 28 U.S.C. § 1920(2). L&P objects to the price per copy of many of the transcripts and points out that, under Local Rule 54.1, costs for obtaining a transcript may not exceed the regular copy rate as established by the Judicial Conference of the United States in effect at the time the transcript or deposition was filed. Accordingly, L&P argues that, at most, Hickory is entitled to only $3.75 per page, and the cost for the transcripts should be reduced by $4,521.20. In its reply brief, Hickory voluntarily agreed to reduce its transcript costs by $4,521.20. Thus, the Court will allow $14,319.85 ($18,841.05 - $4,521.20) for Hickory's transcript costs.

## III. Witnesses

Hickory requests that the Court tax as costs witness fees in the amount of $6,963.37, pursuant to 28 U.S.C. §§ 1920(3) and 1821. A prevailing party is generally entitled to fees and disbursements for witnesses. 28 U.S.C. § 1920(3). Section 1821 calls for a payment of a witness fee of $40.00 per day for each day a hearing or deposition witness is in attendance, as well as for days spent going to and from the place of attendance. In this case, two witnesses testified for two days each at the *Markman* hearing. Accordingly, we will allow $160.00 for hearing witness fees. In addition, we will allow $680.00 in fees for seventeen days of deposition witness testimony.

Hickory's attorneys attest that the travel and subsistence costs were actually and necessarily incurred in Hickory's defense of this case. Hickory provides a breakdown, by witness, of meals, travel and lodging costs, which we find to be reasonable. *See Weeks*, 126 F.3d

2

at 946 (allowing travel costs for witnesses because the costs were reasonable). Because L&P does not have any specific objections to these costs and has not demonstrated that the costs were unreasonable, we will allow an additional $6,123.37 in expenses. A total of $6,963.37 is allowed for witness fees, as well as travel and subsistence costs.

## IV. Exemplification and Copies

### A. Copies

Hickory seeks $13,704.62 in copying costs, pursuant to 28 U.S.C. § 1920(4). To be recoverable, the copies must actually be prepared for use in presenting evidence to the court. *Mortell v. MacNeal Health Care Servs. Corp.*, No. 99 C 4531, 2000 WL 804666, at *3 (N.D. Ill. June 21, 2000) (citing *EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227-28 (7th Cir. 1980)). Copies of filings for a party's personal use, extra copies, and copies of cases are not recoverable. *Mortell*, 2000 WL 804666, at *3 (citing *Haroco, Inc. v. American Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994) (other citations omitted)).

In this case, the Court is unable to determine whether Hickory's copying costs are recoverable. Hickory's attorneys attest that: (1) they have provided the best breakdown of copying expenses available from the law firms' retained records; and (2) copying costs were attributed and billed to Hickory either by using a copy counter on in-house copiers or by documenting bills paid to outside vendors. (R. 85, Def.'s Application for Costs, Ex. 1, Rupert Aff. ¶ 9, Ex. 2, Jarrett Aff. ¶ 7.) Hickory's attorneys also state that the in-house copying charge for some of the copying was $ 0.15 and for others was $ 0.20. The attorney affidavits do not, however, address the purpose of the copies, whether multiple copies were made of the same documents or what documents were copied. In the absence of "reliable verification that the

3

copying costs were necessary for presenting evidence to this [C]ourt," we decline to tax Hickory's copying costs.[1] *Mortell*, 2000 WL 804666, at *3.

**B. Exemplification**

The largest cost item at issue is Hickory's request for exemplification costs, pursuant to 28 U.S.C. § 1920(4). Hickory asks for $84,812.52 for demonstrative exhibits prepared for this case. In response to our request, Hickory submitted a description of the charges incurred. The bulk of the exemplification expenditures, *i.e.* $84,056.24, were for demonstrative animation and exhibits, which were prepared by Noetic Creative Group, Ltd. and presented during the *Markman* hearing. In determining whether or not to award costs for exemplification, we must decide whether the exemplification "was necessarily obtained for use in the case." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) (citing 28 U.S.C. § 1920(4)). To evaluate the necessity of a particular type of exemplification, the Court may consider "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, is exemplification vital to the presentation of that information, or was it merely a convenience or, worse, an extravagance?" *Id.* In this case, Hickory's Noetic exhibits consisted of: (1) animated reproductions of figures, including simplified figures, from the patent at issue; and (2) reproductions of claim language. Thus, the animation was largely redundant and did little to aid in this Court's understanding of the evidence. Furthermore, the

---

[1] Hickory cites *Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571 (N.D. Ill. 1997) in support of its application for copying costs. In that case, however, the court allowed the copying costs because the prevailing party's attorney "verified that the fees for copying include[d] only those photocopies that were necessary for the case." *Id.* at 577. In this case, contrary to Hickory's assertion in its reply, (R. 92, Def.'s Reply at 4), Hickory's attorneys did not so attest. (*See* R. 85, Def.'s Application for Costs, Ex. 1, Rupert Aff. ¶ 9, Ex. 2, Jarrett Aff. ¶ 7.)

4

animated exhibits could have been and, indeed, were presented easily through the much less expensive physical exhibits submitted by both parties. Therefore, the costs are reduced by $84,056.24.[2]

We find, however, that the exhibit boards were "necessarily obtained for use in the case." *Id.* Thus, we allow $756.28 in costs for these exhibit boards.

## V. Hickory's Misconduct

Finally, L&P argues that we should refuse to award costs because Hickory acted in bad faith by knowingly accepting misappropriated L&P trade secrets from a former L&P employee, Robert Hagemeister. We disagree. Rule 54(d) makes clear that the prevailing party is entitled to costs, and the losing party can only overcome that presumption by affirmatively demonstrating that the prevailing party is not so entitled. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988); *Chicago Fire Fighters Union Local No. 2 v. City of Chicago*, No. 96 C 808, 2001 WL 40800, at *1 (N.D. Ill. Jan. 16, 2001). Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs. In this case, we have already granted summary judgment in Hickory's favor on all counts, and L&P has not overcome the presumption in favor of awarding costs to the prevailing party.

---

[2] We remind Hickory that it could have sought prior approval for the costly exemplification but declined to do so. *Cefalu*, 211 F.3d at 428 n.6. *See also Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, No. 91 C 7955, 1995 WL 144554, at *5 (N.D. Ill. Mar. 30, 1995).

5

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part Hickory's application for costs. (R. 85-1.) Hickory's bill of costs is reduced by $102,282.06 ($4,521.20 (voluntary reduction of transcript costs) + $13,704.62 (copying costs) + $84,056.24 (Noetic demonstrative exhibits)). Hickory is awarded costs taxable to L&P in the amount of $22,039.50 ($14,319.85 (reduced transcript costs) + $6,963.37 (witness fees and expenses) + $756.28 (exhibit boards)). The Court fundamentally concludes that this reduced award of costs more accurately reflects the recoverable and necessary expenses in this lawsuit, which did not proceed to a full-blown trial.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: May 25, 2001

6